IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KELLY S. MCENTIRE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ROBERT V. NEWMAN, et al.,<br><br>　　　　　　Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:13-cv-362-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

*Pro se* Plaintiff Kelly McEntire, proceeding *in forma pauperis*, filed his Complaint against Robert Newman, James Selander, Bank of Utah, Wasatch Peaks Credit Union, and Federated Investment Management (collectively, "Defendants") on May 21, 2013. (ECF No. 3.) On June 3, 2013, District Judge David Nuffer referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 7.) Mr. McEntire filed Motions for Damages (ECF Nos. 11, 13), a Motion for Summary Judgment (ECF No. 16), and a Motion to Appoint Counsel (ECF No. 21).

The Court has carefully considered these Motions and Mr. McEntire's many filings in this case and recommends that the District Judge dismiss the case without prejudice pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B)(i), because Mr. McEntire's Complaint is frivolous. Moreover, the Court recommends the District Judge impose filing restrictions as set forth below.

## BACKGROUND

Mr. McEntire has filed many cases similar to this one in this district. District Judge Paul Cassell dismissed the first of these cases, filed in 2006, for failure to prosecute. *See McEntire v. Federated Inv. Mgmt.*, No. 1:06-cv-00133, ECF No. 32. Mr. McEntire voluntarily withdrew another case on April 16, 2012, "[i]n order to save [his] physical and mental health." *See McEntire v. Federated Inv. Mgmt.*, No. 2:12-cv-00320-DAK, ECF No. 7. This withdrawal came days before filing another action on April 20, 2012. *See McEntire v. Federated Inv. Mgmt.*, No. 2:12-cv-375-DB-EJF, ECF No. 3. In November 2012, District Judge Dee Benson dismissed that case as frivolous. *See id.*, ECF No. 46. The Tenth Circuit subsequently upheld this dismissal. *McEntire v. Federated Inv. Mgmt.*, 510 F. App'x 792, 793 (10th Cir. 2013). Mr. McEntire withdrew another case on February 4, 2013. *See McEntire v. Newman*, No. 2:12-cv-1133-DAK, ECF No. 7.

Mr. McEntire proceeds *pro se*; therefore, the Court construes his pleadings liberally. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) (citation omitted). Even so, Mr. McEntire's Complaint remains very confusing. In his Complaint, Mr. McEntire alleges the Defendants have conspired against him to prevent him from receiving his late wife's social security benefits, among other things. The Complaint also alleges retaliatory actions, such as raising the price of Mr. McEntire's health insurance. In addition to the Complaint, Mr. McEntire filed over thirty documents with the Court, many of which he apparently intends to supplement his Complaint.

In a previous case, this Court held a hearing asking Mr. McEntire to clarify the allegations in his complaint. *See McEntire v. Federated Inv. Mgmt.*, No. 2:12-cv-375-DB-EJF, ECF No. 34. Mr. McEntire gave a confusing and incredible explanation of the facts. Mr.

McEntire stated that he is a beneficiary of a trust worth two billion dollars in his late wife's name. Mr. McEntire also stated that he does not have a copy of the trust, has never seen it, and has no idea how to get a copy, but claims Microsoft told him about it. Mr. McEntire alleged his brother-in-law and numerous corporations used the trust to commit tax fraud and funneled funds away from the trust. Mr. McEntire stated he assists the Internal Revenue Service ("IRS") on a federal case and that the IRS has aided him by providing him with information. Mr. McEntire also stated that he works with the United States Attorneys' Office on a related criminal case.

In addition, Mr. McEntire stated that the Utah State Retirement System denied him retirement and that retirement after thirty years of employment is a requirement for him to qualify for benefits under the trust. He also alleged that the Utah State Retirement Board, the Bank of Utah, and Weber Credit Union all hold funds from the trust. Next, Mr. McEntire alleged Microsoft contacted him, told him to file a case in this district, and offered him a two billion dollar settlement. However, Microsoft told Mr. McEntire that because he takes daily pain medication, they would not give him the settlement funds absent a power of attorney. Further, Mr. McEntire stated his belief that in the fall of 2010, people broke into his home, stealing some documents and leaving others.

During a confusing discussion about the Securities and Exchange Commission's ("SEC") involvement with a social security disability case, Mr. McEntire stated that Microsoft told him to file a claim under no benefits to third party beneficiaries. Mr. McEntire also alleged the SEC contacted him early on, but that the IRS was the main federal agency involved with the case at that time.

The instant case continues the same pattern of allegations about a trust and criminal activities allegedly perpetrated by Mr. McEntire's brother-in-law and others. In this case Mr.

McEntire adds allegations concerning former President George W. Bush; for example, that President Bush made a "200 million dollar illegal kickback . . . for [Mr. McEntire] to the FTC to aid this Trust in Merger and acquisition for this Trust." (*See* ECF No. 10-4 at 1.) Mr. McEntire's recent filings also refer to the Sarbanes–Oxley Act, (*see* ECF No. 19 at 1), and the Americans with Disabilities Act, (*see* ECF No. 20 at 1). These filings also include many references to Mr. McEntire's mental health. (*See, e.g.*, ECF No. 3 at 3; ECF No. 3-1 at 34; ECF No. 8 at 2; ECF No. 17 at 6; ECF No. 21 at 2; ECF No. 24-1 at 2; ECF No. 29 at 1.)

## DISCUSSION

### A. Mr. McEntire's Complaint is Frivolous

This Court granted Mr. McEntire leave to file his Complaint under the *in forma pauperis* statute, 28 U.S.C. § 1915. The *in forma pauperis* statute requires a court to "dismiss the case at any time if the court determines that" it "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). In *Nietzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court explained the meaning of the term "frivolous" in the context of the *in forma pauperis* statute by stating that

> a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term "frivolous," when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.

*Id.* at 325 (citations omitted). The *in forma pauperis* statute gives courts authority to "dismiss those claims whose factual contentions are clearly baseless . . . [such as] claims describing fantastic or delusional scenarios." *Id.* at 327–28; *see also Hall v. Bellmon*, 935 F.2d 1106, 1108–10 (10th Cir. 1991). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Mr. McEntire's Complaint and many supplemental filings meet this standard.

For example, in addition to unsupported and confusing allegations about various benefit payments, trusts, and the IRS, Mr. McEntire describes a hearing/meeting "with all Utah federal judges and local attorneys" after he "received a letter from my Doctor saying he had administered a drug test on me and it was negative . . .". (ECF No. 3-1 at 4–5.) Mr. McEntire alleges that at this lunch meeting, this and another document containing his federal tax identification number were stolen from him, and he was then instructed to "purchase a license to practice law in the District of Columbia" but was asked to leave because he had no money. (*Id.*) Mr. McEntire's Complaint also states he "sent a letter to the IRS and to President Barack Obama asking to be granted an opportunity to speak with Congress about what they have done to me." (*Id.* at 6.) Another of Mr. McEntire's filings notes that "[a]s soon as the FBI got involved I started to be subjected to terrorism from the State of Utah." (ECF No. 9-1 at 1.) Another filing describes the following events: "I was working on the computer late at night and suddenly I was shown a front page of the Washington Post with the headline 'Can you say Watergate.' I also received a message . . . from the CIA asking what's going on here. I absolutely freaked out because I knew nothing about anything or any trust and it was snowing bowling balls, I was really getting hurt." (ECF No. 21 at 4.)

Mr. McEntire's Complaint meets the definition of baseless or frivolous. *Cf. Hafen v. Carter*, 274 F. App'x 701, 702–03 (10th Cir. 2008) (affirming *sua sponte* dismissal of *in forma pauperis* complaint where *pro se* plaintiff claimed Utah and two co-conspirators had prevented him from using a parcel of land for building a solar city, and he had taken leave from his employment to work with his friend, California Governor Schwarzenegger, to help western states with water and power issues).

The Court notes that a number of Mr. McEntire's filings in this case recognized a concern for his mental health. As noted above, Mr. McEntire withdrew one of his cases out of concern for his mental health. *See McEntire v. Federated Inv. Mgmt.*, No. 2:12-cv-00320-DAK, ECF No. 7. The Court has sympathy for Mr. McEntire's difficult circumstances, however, those circumstances do not affect the Court's duty under the *in forma pauperis* statute. Mr. McEntire's Complaint lacks both credibility and rationality; therefore, this Court should dismiss it as frivolous under the *in forma pauperis* statute.

### B. Filing Restriction

This Court has the inherent authority pursuant to 28 U.S.C. § 1651(a) to place filing restrictions upon abusive litigants in appropriate cases. *See Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (citations omitted). Although this Court permitted Mr. McEntire to proceed *in forma pauperis*, "the Supreme Court has recognized that abuses of this privilege may give rise to the imposition of filing restrictions." *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994) (citing *In re Sindram*, 498 U.S. 177, 180 (1991)). "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests." *In re Sindram*, 498 U.S. at 179–80.

The Court may appropriately impose filing restrictions where the Court: (1) demonstrates the plaintiff's history of abusive actions; (2) "publishes guidelines about what the plaintiff must do to obtain court permission to file an action"; and (3) provides the plaintiff notice and an opportunity to respond. *See Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994) (per curiam) (citation omitted); *see also In re Raiser*, 293 F. App'x 619, 620 (10th Cir. 2008) (unpublished) (setting forth requirements for imposition of filing restrictions).

The Court has already set forth Mr. McEntire's history and pattern of abusive litigation. This pattern comes at great expense to Court time and resources. In this case alone Mr. McEntire has averaged approximately seven filings per month, one of which exceeds one hundred pages in length. As set forth more fully below, the Court will serve Mr. McEntire with a copy of this Report and Recommendation, and he will have an opportunity to object before the Court imposes any filing restriction. The undersigned Magistrate Judge recommends the Court impose the following filing restrictions on Mr. McEntire in any case in which he proceeds *pro se* before this Court:

1. The Clerk of the Court will collect any new civil complaint filed by Mr. McEntire in this Court and forward it to a magistrate judge for review.
2. The magistrate judge will then review the complaint to determine whether it has merit and should be filed, or whether it lacks merit, duplicates prior filings, or is frivolous.
3. If the magistrate judge determines the complaint lacks merit, duplicates prior filings, or is frivolous, the magistrate judge will forward the complaint to the Chief District Judge for further review.
4. If on review the Chief District Judge determines the complaint has merit, the complaint will be filed.

**RECOMMENDATION**

For the reasons set forth above, the undersigned Magistrate Judge RECOMMENDS the District Judge dismiss Mr. McEntire's Complaint without prejudice as frivolous under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B)(i). The undersigned Magistrate Judge also RECOMMENDS the District Judge impose a filing restriction on Mr. McEntire as set forth above and repeated here:

1. The Clerk of the Court will collect any new civil complaint filed by Mr. McEntire in this Court and forward it to a magistrate judge for review.

2. The magistrate judge will then review the complaint to determine whether it has merit and should be filed, or whether it lacks merit, duplicates prior filings, or is frivolous.

3. If the magistrate judge determines the complaint lacks merit, duplicates prior filings, or is frivolous, the magistrate judge will forward the complaint to the Chief District Judge for further review.

4. If on review the Chief District Judge determines the complaint has merit, the complaint will be filed.

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 18th day of October, 2013.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge